IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NEGUS KWAME FAHIM ASIEL-DEY, a/k/a Ronnie-Theodis Demmons, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CV 116-172 |
| PHELAN HALLINAN DIAMOND JONES PLLC; PHELAN HALLINAN DIAMOND & JONES, PLLC; TOM SEARS, d/b/a Tom Sears, Esq., I.D. No. 633810; WELLS FARGO BANK, N.A.; LATOYA SMITH USSERY, d/b/a Latoya Smith Ussery, Vice President Loan Documentation; PAMELA POMPEY, d/b/a Pamela Pompey, Assistant Secretary; UNRUH INVESTMENTS, LLC; and LELAND UNRUH, d/b/a Leland Unruh, Agent, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned case on October 11, 2016, and because he is proceeding *pro se*, the Court provided him with basic instructions regarding the development and progression of this case. (Doc. no. 4.) The Court explained Plaintiff is responsible for serving each Defendant and explained how service could be accomplished. (Id. at 1-2.) When the ninety days for effecting service under Fed. R. Civ. P. 4(m) expired and there was

no evidence any Defendant had been served, the Court entered an Order directing Plaintiff to show cause why this case should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 5.) Plaintiff's only explanation for his failure to comply with the rules all litigants in federal court must follow is the conclusory allegation that starting "on or about September 2016," funds have been stolen from him "by an unknown individual or individuals employed by the federal government," and he is currently awaiting a response to multiple fraud complaints he filed with various entities. (Doc. no. 6, pp. 1-2.) He also requested an extension of time to effect service. (Id. at 2.)

The Court exercised its discretion to extend the service period and granted Plaintiff until February 10, 2017, to effect service of process and provide proof thereof. (See doc. no. 7.) The Court cautioned Plaintiff that failure to provide proof of service by February 10, 2017, may result in the dismissal of any unserved Defendant or, if no service is accomplished, the entire case. On February 10, Plaintiff filed six documents, all of which the Clerk of Court docketed as "Summons Returned Executed."[1] (Doc. nos. 8-13.) Upon examination, however, the documents in no way evidence that summons have been returned executed or service has been accomplished.

First, Dawn P. Scott, "Disinterested Third Party," declares that the attached summons were served with the complaint on two Defendants "pursuant to Rule 4(c)(2)(C)(ii)." (See doc. no. 8, p. 1; doc. no. 13, p. 1.) As for the other four Returns of Service, they state only that the summons were served "pursuant to Rule 4(c)(2)(C)(ii)." (See doc. nos. 9-12, p. 1.) There is no Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure. Rule 4(c)(1) and

---

[1] No service documents were filed with respect to Defendants Latoya Smith Ussery and Pamela Pompey.

Rule 4(c)(2) state a summons must be served with a copy of the complaint by any person who is at least eighteen years old and not a party to the case. Ms. Scott provides no information about her age, but presumably identifies herself as a "Disinterested Third Party" in an attempt to show she is not a party to the case.

Second, if Ms. Scott had effected personal service of the complaint and summons, the Return of Service form has a space to verify personal service and identify the location where the person was served. Ms. Scott neither claimed personal service nor indicated where service was accomplished. For that matter, assuming Ms. Scott intended to suggest she mailed the summons and complaint, she did not provide any mailing address. In any event, if Plaintiff believes he accomplished service by having Ms. Scott mail the summons and complaint to Defendants, he is mistaken. The Court explained in its October 18, 2016 Order how Plaintiff could request a defendant waive personal service - which requires more than mailing the summons and complaint and allows a defendant sixty days to answer rather than the twenty-one days listed on the summons attached to the returns of service filed February 10- but also explained that if service was not waived, Plaintiff is still responsible for properly effecting personal service. As the returns of service filed on February 10, 2017, show neither that personal service has been accomplished or that valid requests for waivers of personal service have been provided in accordance with the requirements of Rule 4, Plaintiff has not shown service has been accomplished.

Plaintiff has not shown good cause for failing to timely effect service and the Court finds that no other circumstances warrant another extension of the service period. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is

3

evading service or if the statute of limitations would bar a refiled action.  Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)).  Here, there is no evidence of evasion of service.  Moreover, even if the Court were to assume Plaintiff properly attempted to request Defendants waive personal service by mail via Ms. Scott on February 10, which as described above is not supported by the documentation filed by Plaintiff, the Court has previously explained defendants are not required to waive formal service.  Under Federal Rule of Civil Procedure 4(d)(2), if a defendant fails, without good cause, to waive formal service, the expenses for making personal service may later be imposed on the recalcitrant defendant.  However, the responsibility for effecting service remains firmly with Plaintiff.

Moreover, Court records reflect Plaintiff has filed another lawsuit against at least two of the Defendants named in this lawsuit dealing with the same disputed property, 2907 Arrowwood Circle, so it appears Plaintiff still has an opportunity to attempt to present any valid federal claims he believes may have concerning the disputed property.  See Asiel-Dey v. Augusta Mortgage Co., Wells Fargo Bank, N.A., and Unruh Investments, LLC, CV 117-020 (S.D. Ga. Feb. 7, 2017).[2]

In sum, Plaintiff commenced this case over ninety days ago, and he has already been given the benefit of an extended time limit for effecting service.  Yet there is no evidence that Plaintiff intends to follow the Federal Rules of Civil Procedure regarding properly effecting service of process.  The Court has warned Plaintiff on multiple occasions that

---

[2] The Order by United States District Judge J. Randal Hall denying Plaintiff's request for injunctive relief in CV 117-020 explains the foreclosure proceedings associated with the disputed property at 2907 Arrowwood Circle and some of the jurisdictional hurdles Plaintiff faces in his attempts to contest the foreclosure in federal court. Asiel-Dey, CV117-020, doc. no. 9 (S.D. Ga. Feb. 10, 2017).

4

failure to effect service would lead to dismissal of unserved Defendants or the entire case. (See doc. nos. 4, 5, 7.) Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service on any Defendant. See Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 14th day of February, 2017, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA